THE RAMBLER.

THE WILLIAM.

(District Court, D. Connecticut. June 14, 1898.)

COLLISION—CANAL BOAT AT DOCK—GROUNDED SCHOONER.

Tugs which towed a schooner alongside a canal boat lying at her dock immediately after discharging her cargo, and left the schooner grounded there, so that, on the going out of the tide, she listed against and injured the canal boat, *held* liable for the resulting damages.

This was a libel in rem by Mary J. McCaffrey, administratrix, against the steam tugs Rambler and William.

Carpenter & Park, for libelant.

Bristol, Stoddard & Bristol, for claimant.

TOWNSEND, District Judge. Libel in rem. At about half past 12 o'clock in the afternoon of October 20, 1896, the canal boat Charles McCaffrey, owned by libelant, was lying at the "Canal Dock," so called, at New Haven. She had just discharged a cargo of coal, and had hauled ahead away from her derrick, and was waiting for a tug to take her out. The wind was S. S. W., and blowing hard. The tide was two to three hours on the ebb. At this time the steam tugs Rambler and William came up, having the three-masted schooner P. T. Barnum in tow, and left her grounded alongside the Charles Mc-Caffrey. When the tide went out, the Barnum listed away against the McCaffrey, and caused considerable damage. The claimants, by way of defense, say, "The schooner Barnum was alone responsible." In that case they might have prayed for process against her, under admiralty rule No. 59. The claims that the canal boat was negligent in not getting out sooner, and that the Barnum was not aground wh ı the tugs left her, are not supported by the proofs. The reasonable time allowed to a boat to get out after discharging had not expired. Complainant's witness admits she could not have backed out, and it appears from the cross-examination of the captain of the tug William that the schooner must have been aground when the tugs left her. The listing and damage were natural consequences of the negligence of claimants in leaving the schooner aground, for which they are liable. Meyers v. The America and The Nile, 38 Fed. 256, and cases cited. Let the matter be referred to a commissioner to ascertain the damages.